1    WO

2

3

4                           **NOT FOR PUBLICATION**

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9    Lynda Hobby,                    )    No. CV05-0081-PHX-SRB
                                      )
10            Plaintiff,              )    **OPINION AND ORDER**
                                      )
11   vs.                             )
                                      )
12                                    )
     Thomas Mulhern, Dir. Empl. Rel. Services)
13   - T.S.A.,                        )
                                      )
14            Defendant.              )
                                      )
15   _____)

16

17          Before the Court is Defendant Transportation Security Administration's ("TSA")

18   Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter

19   jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

20   (Doc. 10).  For the reasons that follow, Defendant's Motion is granted.

21   **I.     BACKGROUND**

22          Plaintiff Lynda Hobby was employed by TSA for approximately nine months as a

23   security screener at Phoenix Sky Harbor International Airport.  TSA discharged Plaintiff

24   from her job on or about May 23, 2003.[1]  According to TSA's discharge letter, Plaintiff was

25

26   _____

27          [1]The exact date of Plaintiff's discharge is not determined here because Defendant
     states that Plaintiff received a notice of discharge on May 23, 2003 (Def.'s Mot. to Dismiss
28   ("Def.'s Mot.") at 2), while Plaintiff says she was terminated on May 30, 2003 (Pl.'s Resp.
     in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 3.)

1    terminated for failing to meet the conditions of employment, namely that she failed to list in
2    her employment application a December 10, 1997 arrest for "larceny, carrying a concealed
3    weapon, dangerous drugs, drug paraphernalia, two traffic offenses and making a false
4    report." (Pl.'s Resp., Ex. 3.)

5         Plaintiff filed suit against Thomas Mulhern, a TSA executive officer for employee
6    relations,[2] on January 7, 2005.  In her Complaint, Plaintiff alleges that Defendant breached
7    an employment contract with her on April 30, 2003 when she was "terminated for an
8    unsuitability issue." (Compl. ¶ 2.)  Plaintiff seeks monetary damages of $50,000 for "18
9    months lost pay, lost revenue from agency matching contribution savings plan, defamation
10   of character, and mental/emotional anguish." (Compl. ¶ 3.)  Plaintiff also asks the Court to
11   reinstate her to her former job with TSA. (Compl. ¶ 3.)  The  Complaint asserts that this
12   Court has jurisdiction over the matter because Defendant is a representative of the United
13   States Government "and the amount and type of relief sought." (Compl. ¶ 1.)

14        Defendant brought the instant Motion to Dismiss on the basis that this Court lacks
15   jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and argues that Plaintiff failed
16   to state a claim. (Def.'s Mot. at 1.)  Defendant requests that the Court dismiss the Complaint
17   with prejudice.  Plaintiff responded that this Court does have jurisdiction because she has
18   "exhausted all other administrative means" and on the basis of diversity of citizenship. (Pl.'s
19   Resp. at 4.)

20   **II.    LEGAL STANDARDS AND ANALYSIS**

21        **A.    Overview**

22        Defendant has raised two arguments regarding this Court's subject matter jurisdiction,
23   that is, the power to hear this dispute.  The Court will address both of these arguments, even

24

25        _____

26   [2]There seems to be some confusion about Mr. Mulhern's exact position with TSA.
     Plaintiff captions her Complaint as "Thomas Mulhern, Dir. Empl. Rel. Services – T.S.A.,"
27   while Defendant states that Mr. Mulhern is "Program Executive in the Transportation
     Security Administration's Office of Human Resources." (Def.'s Mot. at 4.)  However, the
28   Court's decision is unaffected by Mr. Mulhern's precise title within T.S.A.

1  though each is dispositive.  After examining the preliminary issues, the Court will first

2  address whether Plaintiff has adequately pleaded a basis for this Court's jurisdiction, either

3  under federal question or diversity jurisdiction.  Second, the Court will determine whether

4  the United States has consented to be sued.  Finally, the Court will address whether it will

5  exercise supplemental jurisdiction over any remaining state law claims.

6    **B.    Preliminary Issues**

7        **1.    Federal Rule 12(b)(1)**

8        When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the

9  court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on

10  the merits.  *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946) (a decision on

11  whether the complaint states a cause of action "must be decided after and not before the court

12  has assumed jurisdiction over the controversy"); *Drewien v. Medford Police Dep't*, 2004 WL

13  948347, *1 (D. Or. Apr. 30, 2004) ("[A] motion to dismiss based on lack of subject matter

14  jurisdiction should be addressed by the court before any other Rule 12 motion to prevent a

15  court without jurisdiction from prematurely dismissing a case with prejudice.") (citing

16  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  A court's dismissal of a

17  plaintiff's case because the court lacks subject matter jurisdiction is not a determination of

18  the merits and does not prevent the plaintiff from pursuing a claim in a court that does have

19  proper jurisdiction.  *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  Because

20  Defendant's jurisdictional attack is dispositive in this case, the Court will not address whether

21  Plaintiff has failed to state a claim.

22        **2.    Burden of Proof**

23        A motion to dismiss an action under Rule 12(b)(1) of the Federal Rules of Civil

24  Procedure raises the threshold question of whether the federal district court has subject matter

25  jurisdiction over the action before it.  The burden of proof for a Rule 12(b)(1) motion to

26  dismiss is on the party asserting jurisdiction.  *See Indus. Tectonics, Inc. v. Aero Alloy*, 912

27  F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving

28  all jurisdictional facts.") (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189,

1  56 S. Ct. 780, 785 (1936)).  In this case, Plaintiff is asserting that this Court has jurisdiction
2  to hear her claim.  Therefore, Plaintiff bears the burden of proving jurisdiction.

3  **3.**    **Suits Against Federal Agencies**

4          Although Plaintiff brought her suit against an official of the TSA, "[t]he general rule
5  is that relief sought nominally against an officer is in fact against the sovereign if the decree
6  would operate against the latter." *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S. Ct. 1052, 1053
7  (1963) (citations omitted); *Dugan v. Rank*, 372 U.S. 609, 620, 83 S. Ct. 999, 1006 (1963) (a
8  suit is against the sovereign if judgment would come from the public treasury or compel the
9  government to act); *Balser v. Dep't of Justice*, 327 F.3d 903, 906 (9th Cir. 2003) ("In
10 sovereign immunity analysis, any lawsuit against an agency of the United States or against
11 an officer of the United States in his or her official capacity is considered an action against
12 the United States."); *Hill v. United States*, 571 F.2d 1098, 1101 n.5 (9th Cir. 1978) (holding
13 that claims for back pay against individual defendants must be considered a suit against the
14 United States since back pay would come from the federal treasury).  An exception to this
15 general rule is when government officials act beyond their statutory powers. *See Dugan*, 372
16 U.S. at 622, 83 S. Ct. at 1007 (recognizing that an official may be sued in his individual
17 capacity when the official acts beyond his statutory power or when the official's powers are
18 "constitutionally void").

19         Because the relief Plaintiff seeks here would come from the federal treasury, and
20 because Plaintiff has not alleged that the named Defendant was acting outside his statutory
21 powers when she was terminated from her position as a security screener, Plaintiff's suit is
22 one against the United States.

23 **C.**    **Subject Matter Jurisdiction**

24         An attack on subject matter jurisdiction is fundamental to a district court's ability to
25 hear a case. *See Toumajian v. Frailey,* 135 F.3d 648, 652 (9th Cir. 1998) ("[I]n all actions
26 before a federal court, the necessary and constitutional predicate for any decision is a
27 determination that the court has jurisdiction-that is the power-to adjudicate the dispute.")
28 (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803)).  A federal court has

subject matter jurisdiction when the cause of action either involves a federal question or when diversity jurisdiction exists. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391, 107 S. Ct. 2425, 2429 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

### 1.    Federal-Question Jurisdiction

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States," regardless of the amount in controversy.  For purposes of § 1331, a federal claim must appear on the face of the complaint. *See Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57 S. Ct. 96, 81 (1936) ("[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.").  *Cf. Balcorta v. Twentieth Century-Fox Film Corp*., 208 F.3d 1102, 1106 (9th Cir. 2000) (noting that under the "well-pleaded complaint rule," federal jurisdiction "exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint") (citing *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429).

In this case, Plaintiff's Complaint does not base jurisdiction on the Constitution, laws, or treaties of the United States.  Instead, Plaintiff merely states in her Complaint that Defendant "is a representative of the United States Government, (Trans. Sec. Adm.), and the amount and type of relief sought."  (Compl. ¶ 1.)  Thus, a federal claim does not appear on the face of Plaintiff's Complaint.

### 2.    Diversity Jurisdiction

Later, in her Response to Defendant's Motion to Dismiss, Plaintiff claims jurisdiction is founded upon diversity of citizenship and because she has exhausted all other administrative means.  (Pl.'s Resp. at 4.)  Even if Plaintiff had asserted more clearly in her Complaint that jurisdiction was based on diversity of citizenship under 29 U.S.C. § 1332, that argument fails.

In order for jurisdiction to be founded upon diversity of citizenship, the matter in controversy must exceed the sum or value of $75,000, and the action must be between United

States citizens who are citizens of different states. *See* 28 U.S.C. § 1332(a). Plaintiff's claim of diversity jurisdiction fails on both bases. Plaintiff is seeking $50,000 in damages, and so her Complaint does not meet the statutory minimum amount for diversity jurisdiction. Nor is an agency of the United States a citizen of any particular state for diversity purposes. *See Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp*., 492 F.2d 1325, 1329 (9th Cir. 1974). Thus, a federal agency may not be sued on the basis of diversity alone. *See Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir.1991) ("Federal jurisdiction over a suit against an agency of the United States is proper when, for example, federal questions exist . . . . U.S. agencies cannot be sued in diversity, however."). Therefore, Plaintiff's suit does not meet either of the requirements for diversity jurisdiction.

Because Plaintiff has failed to establish either federal-question jurisdiction or jurisdiction based on diversity of citizenship, Plaintiff's claim will be dismissed for lack of subject matter jurisdiction.

### D.    Sovereign Immunity

Even if Plaintiff had succeeded in establishing this Court's subject matter jurisdiction on the basis of either a federal question or diversity, Plaintiff would still bear the burden of showing that the government has consented to be sued. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987)). If the United States has not consented to be sued, then a court has no jurisdiction over the case. *Id.* (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994)).

When a party sues the United States, a court starts with the assumption that, due to governmental immunity, no relief is available. *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998). A party "may sue the United States only if Congress has waived sovereign immunity for the lawsuit, and may bring its claim in federal district court only if Congress has provided for jurisdiction there." *N. Star Alaska v. United States*, 9 F.3d 1430, 1432 (9th Cir. 1993) (en banc). *See also United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for

1   jurisdiction."). Because Plaintiff's Complaint does not identify any federal law under which

2   she is suing, Congress could not have consented to this suit.

3          Plaintiff's Response in this case failed to address the issue of sovereign immunity

4   raised by Defendant, except to say that sovereign immunity "should be considered a

5   (desperate) effort by the Defense to over shadow that the Defendant did not answer the

6   March 08th Summons in the correct time frame, and that the TSA terminated the Plaintiff

7   illegally." (Pl.'s Resp. at 6.) Plaintiff is mistaken because the government cannot be sued

8   unless the government has consented to be sued.

9          Despite Plaintiff's failure to establish the Court's subject matter jurisdiction, the Court

10  will continue its analysis based on her allegation that she had a contract with the United

11  States.

12          **E.    Waiver**

13         Congress has waived sovereign immunity in certain cases involving contracts. Under

14  the Tucker Act, the United States Court of Federal Claims has jurisdiction to hear claims

15  against the United States founded upon "any express or implied contract with the United

16  States . . . ." *See* 28 U.S.C. § 1491(a)(1). Assuming that Plaintiff intended to bring her suit

17  under the Tucker Act, this Court would still lack subject matter jurisdiction.

18         The jurisdiction of the Court of Claims is exclusive when the amount in controversy

19  is more than $10,000. *United States v. Hohri*, 482 U.S. 64, 66 n.1, 107 S. Ct. 2246, 2249 n.1

20  (1987). The "Little Tucker Act," on the other hand, gives the district courts concurrent

21  jurisdiction with the Court of Claims when the amount in controversy in less than $10,000.

22  *See id.; N. Star Alaska*, 9 F.3d at 1432 (citing 28 U.S.C. § 1346(a)(2)).

23         In this case, even assuming, as Plaintiff alleges, that there is a contract, and because

24  Plaintiff is seeking damages in the amount of $50,000 for an alleged breach of that contract,

25

26

27

28

1   then the Federal Court of Claims would hold exclusive jurisdiction over this matter, and this

2   Court has no jurisdiction to hear Plaintiff's breach of contract claim.[3]

3   **F.   Supplemental Jurisdiction**

4   Although not pleaded as such, Plaintiff appears to be asserting state law claims for

5   defamation and negligent or intentional infliction of emotional distress. (Compl. ¶ 4.)  If so,

6   this Court could potentially exercise supplemental jurisdiction over these state law claims.

7   *See* 28 U.S.C. § 1367.  Section 1367(a) provides: "In any civil action of which the district

8   courts have original jurisdiction, the district courts shall have supplemental jurisdiction over

9   all other claims that are so related to claims in the action within such original jurisdiction that

10  they form part of the same case or controversy under Article III of the United States

11  Constitution."  However, a district court may decline to exercise supplemental jurisdiction

12  over a claim under subsection (a) if "the district court has dismissed all claims over which

13  it has original jurisdiction."  28 U.S.C. § 1367(c).  Moreover, when a court has determined

14  that it lacks subject matter jurisdiction over the federal claims in a suit, "the court is

15  compelled to refrain from exercising supplemental jurisdiction over the remaining state law

16  claims as well."  *Butte Mining PLC v. Smith*, 876 F. Supp. 1153, 1168 (D.C. Mont. 1995),

17  *aff'd,* 76 F.3d 287 (9th Cir. 1996) (citing *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680,

18  692 (9th Cir. 1993)).

19  As this Court has no subject matter jurisdiction over Plaintiff's alleged federal claim,

20  this Court must refrain from exercising supplemental jurisdiction over any remaining state

21  law claims.

22

23

24

25

---

26  [3]It is worth noting that the Court of Federal Claims held earlier this year that TSA
27  security screeners were appointed and not contract employees, precluding the screeners'
    claim that offers of conditional appointment were binding contracts.  *See Calvin v. United*
28  *States*, 63 Fed. Cl. 468, 473 (2005)

1      **IT IS ORDERED** granting Defendant's Motion to Dismiss for lack of subject matter

2   jurisdiction (Doc. 10).

3

4      DATED this 21st day of October, 2005.

5

6

7   _____

8                    Susan R. Bolton
                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28